UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THERESA RODRIGUEZ,

        Plaintiff,

        -against-

GAZMEN POCESTA, Individually and in his
Official Capacity, and MANUEL POCESTA,
Individually and in his Official Capacity,

        Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

Plaintiff THERESA RODRIGUEZ by and through her attorneys, COHEN & FITCH LLP, alleges against Defendants GAZMEN POCESTA, Individually and in his Official Capacity as owner and operator of two (2) Bubakoos Burritos franchises located in Staten Island, New York, and MANUEL POCESTA, Individually and in his Official Capacity as employee, manager, and/or operator of two (2) Bubakoos Burritos franchises located in Staten Island, New York, as follows:

**JURISDICTION AND VENUE**

1.     Plaintiff is a resident of the State of New York and/or was a resident of the State of New York during the operative period of this Complaint.

2.     As the unlawful practices complained of herein occurred within the Eastern District of New York, venue is proper within this district pursuant to 28 U.S.C. §1391(b).

3.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is

conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## JURY DEMAND

4.    Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## THE PARTIES

5.    At all relevant times herein, Plaintiff Theresa Rodriguez ("Ms. Rodriguez" or Plaintiff), an eighteen (18) year old woman, was and is a resident of the City and State of New York, in the County of Richmond.

6.    Ms. Rodriguez is an "individual" and an "employee" entitled to protection as defined by the NYLL, and the NYCHRL

7.    Upon information and belief, Defendant Gazmen Pocesta resides in the State of New York and is an owner, manager, and/or operator of two (2) Bubakoos Burritos franchises located at 1650 Richmond Ave. Staten Island, New York, and 1145 Bay Street, Staten Island, NY 10305, respectively.

8.    Upon information and belief, Defendant Manuel Pocesta ("Manny") resides in the State of New York, is Defendant Gazmen Pocesta's father, and is an employee, manager, and/or operator of the two (2) Bubakoos Burritos franchises located at 1650 Richmond Ave. Staten Island, New York, and 1145 Bay Street, Staten Island, NY 10305, respectively

9.    At all times relevant, Ms. Rodriguez was an employee of Gazmen Pocesta at the aforementioned Bubakoos Burritos franchises.

2

10.     At all times relevant, Defendant Manuel Pocesta was Ms. Rodriguez's supervisor at the aforementioned Bubakoos Burritos franchises.

11.     Upon information and belief, at all times relevant hereto, Defendant Gazmen Pocesta has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

12.     Upon information and belief, at all relevant times hereto, Defendant Gazmen Pocesta has been and continues to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

13.     Defendant Gazmen Pocesta's franchise businesses constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

14.     Upon information and belief, the aforementioned Bubakoos Burritos franchises are restaurants that are engaged in the business of serving food and drink to customers.

15.     Defendant Gazmen Pocesta employs servers, cash register, hosts, and cooks all of whom, upon information and belief, are paid less than required under federal and New York State law for their work each day.

16.     Defendant Gazmen Pocesta possesses the authority to hire and fire employees, supervise their work schedules, set and control their rates of pay, maintain payroll records, and to the extent employment records are kept for employees, Defendant Gazmen Pocesta is involved in maintaining those records for both aforementioned Bubakoos Burritos franchises.

17.     Defendant Gazmen Pocesta has approved the payroll practices for the aforementioned Bubakoos Burritos franchises employees, including Plaintiff.

18.     Defendant Gazmen Pocesta possesses operational control over the aforementioned Bubakoos Burritos franchises through his financial control over both of those entities.

19.     Upon information and belief, Defendant Gazmen Pocesta has authority over the aforementioned Bubakoos Burritos franchise's bank accounts and credit cards, signed the leases on behalf of their principal places of business, and obtained insurance policies on behalf of each entity.

20.     Defendant Gazmen Pocesta is engaged in business in the City of New York, County of New York and is sued individually in his capacity as owner, officer, employee, and/or agent of the aforementioned Bubakoos Burritos franchises.[1]

21.     Defendant Gazmen Pocesta exercises sufficient operational control over the aforementioned Bubakoos Burritos franchises operations to be considered Plaintiffs' employer under the Fair Labor Standards Act ("FLSA") and New York State Labor Law ("NYLL").

22.     At all relevant times, Defendant Gazmen Pocesta has been Plaintiff's employer within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

23.     Plaintiff brings this action on behalf of herself based upon the following acts and/or omissions which Defendants committed:

    i.     Defendant Gazmen Pocesta's failure to compensate Plaintiff for all hours worked as required by federal and state law and regulations;

    ii.     Defendant Gazmen Pocesta's failure to compensate Plaintiff for all hours worked at the statutory minimum wage as required by federal and state law and regulations;

---

[1] At the time of initiating this Complaint, plaintiff is unaware if these franchises are owned by corporate entities or merely in Defendant Gazmen Pocesta's name. Upon information and belief, there are no corporate entities associated with these franchises.

4

iii.   Defendant Gazmen Pocesta's failure to timely pay Plaintiff her earned wages pursuant to FLSA and NYLL § 191;

iv.   Defendant Gazmen Pocesta's failure to pay overtime compensation required by federal and state law and regulations to Plaintiff who worked in excess of forty (40) hours per week;

v.   Defendant Gazmen Pocesta's failure to provide Plaintiff with spread-of-hours payments under *12 NYCRR 146-1.6 and 137-1.7;*

vi.   Defendant Gazmen Pocesta's failure to provide Plaintiff with a wage notice as required by NYLL § 195;

vii.   Defendant Gazmen Pocesta's failure to provide Plaintiff with accurate paystubs as required by NYLL § 195;

viii.   Defendant Gazmen Pocesta's failure to provide Plaintiff with several weeks of her pay, including her last week of work in contravention of NYLL § 191**.**

24.   At all relevant times hereto, Defendant Gazmen Pocesta was engaged in interstate "commerce" within the meaning of the FLSA.

25.   Defendant Gazmen Pocesta knowingly and willfully engaged in a policy, pattern, or practice of violating the FLSA and NYLL, as detailed in this Complaint.

26.   In addition to the wage violations, this is also a civil action based upon Defendants' violations of Plaintiff's rights guaranteed by the anti-sexual harassment provisions contained in Title 8 of the Administrative Code of the City of New York, also known as the New York City Human Rights Law ("NYCHRL"); (ii) the anti-discrimination provisions contained in the NYCHRL; and, (iii) the anti-retaliation provisions of the NYCHRL.

## FACT ALLEGATIONS

**Defendant Gazmen Pocesta's Wage and Hour Violations**

27.     Plaintiff Theresa Rodriguez's consent to sue form is attached hereto as Exhibit A.

28.     At all times relevant hereto, Defendant Gazmen Pocesta has committed the following acts and/or omissions intentionally and willfully, with knowledge that he has been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

29.     Defendant Gazmen Pocesta has maintained a policy and practice to routinely not pay his employees in a timely manner in accordance with federal and New York State law. Specifically, Defendant Gazmen Pocesta maintains a workforce of servers, hosts, food preparers, and other similar manual labor positions, all of whom are not always paid within seven (7) calendar days after the end of the week in which the wages are earned.

30.     Defendant Gazmen Pocesta maintained a policy and practice of failing to compensate Plaintiff for every hour she worked.

31.     Defendant Gazmen Pocesta maintained a policy and practice of failing to compensate Plaintiff for every hour she worked at the statutory minimum wage.

32.     Defendant Gazmen Pocesta maintained a policy and practice of failing to pay overtime compensation required by federal and New York State law and regulations to Plaintiff, who worked in excess of forty (40) hours per week.

33.     Defendant Gazmen Pocesta maintained a policy and practice of failing to provide Plaintiff with proper wage notices

34.     Defendant Gazmen Pocesta maintained a policy and practice of failing to provide Plaintiff with proper and accurate paystubs.

35.     Defendant Gazmen Pocesta maintained a policy and practice of failing to pay Plaintiff with an extra hour of pay when they worked a span of hours that exceeded ten (10) hours in a single day.

36.     Defendant Gazmen Pocesta failed to provide Plaintiff with a wage notice or accurate paystubs in compliance with NYLL § 195.

37.     Defendant Gazmen Pocesta did not provide Plaintiff with a notice specifying their rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular payday.

38.     Further, Defendant Gazmen Pocesta did not distribute to Plaintiff a Notice and Acknowledgement of Pay form as required by NYLL § 195.

39.     Defendant Gazmen Pocesta also did not provide Plaintiff with an accurate paystub specifying the pay period, her hourly rate of pay, the regular and overtime hours she worked, or other information required under NYLL § 195.

40.     Defendant Gazmen Pocesta willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

41.     Defendant Gazmen Pocesta committed the foregoing acts willfully and against Plaintiff.

*Specific Allegations*

42.     Ms. Rodriguez was hired and worked for Defendant Gazmen Pocesta from on or about July 2021 until on or about April 22, 2022.

43.     At the time Ms. Rodriguez was hired, Defendant Gazmen Pocesta did not give her written notice of her pay rate, the overtime rate, how she would be paid, or any other information Defendant Gazmen Pocesta was obligated to provide pursuant to New York State and federal

law, nor did Defendant Gazmen Pocesta ever provide this written notice at any time during her employment.

44.     Ms. Rodriguez was an hourly employee.

45.     When Ms. Rodriguez was first hired, her job included interacting with patrons, serving them their meals, and helping to keep the restaurant clean.

46.     During her tenure working for Defendant Gazmen Pocesta, Plaintiff would occasionally work in excess of forty (40) hours per week.

47.     However, Defendant Gazmen Pocesta never paid her time and a half on the weeks she worked more than forty (40) hours.

48.     In addition, while working for Defendant Gazmen Pocesta, Ms. Rodriguez would occasionally work in excess of ten (10) hours in one day, but Defendant Gazmen Pocesta would not pay her for an additional hour of work as is required by New York State and federal law.

49.     Moreover, Defendant Gazmen Pocesta would often fail to pay Plaintiff her paycheck on the regular pay date, and almost always paid her more than seven (7) calendar days after the end of the week in which her wages were earned.

50.     On some occasions, Plaintiff Ms. Rodriguez was not paid by Defendant Gazmen Pocesta at all for wages she had earned.

51.     When Plaintiff Ms. Rodriguez complained to Defendant Gazmen Pocesta about these unlawful pay practices, he threatened to terminate her for complaining.

52.     From July 2021 to the end of December 2021, Defendant Gazmen Pocesta never once provided Plaintiff a single pay stub.

53.     In addition, Defendant Gazmen Pocesta refused to provide Ms. Rodriguez with her IRS W2 form for the 2021 calendar year despite Plaintiff making multiple requests for this document.

54.     At the beginning of January 2022, Plaintiff was promoted to assistant manager.

55.     With this promotion, Plaintiff's hourly wage slightly increased, and along with her cash register and store closing responsibilities, Plaintiff was now tasked with training new employees and keeping track of inventory.

56.     Soon after being promoted to assistant manager, Defendant Gazmen Pocesta would often insist that Plaintiff work even on days she would not be scheduled and threatened to fire her if she did not comply.

**Caregiver Discrimination Violations**

57.     On or about April 22, 2022, Defendant Gazmen Pocesta demanded that Plaintiff remain on an additional shift despite Plaintiff having told Defendant Gazmen Pocesta that her young child was ill and that she could not stay late.

58.     Nonetheless, Defendant Gazmen Pocesta insisted and threatened to fire Plaintiff if she went home.

59.     At some point during this additional unscheduled extra shift, Plaintiff received a call from her child's father stating that her child was really sick.

60.     Plaintiff is the main caregiver for her child and was supposed to be home hours earlier.

61.     Plaintiff informed Defendant Gazmen Pocesta that she had to go home to take care of her child, to which defendant responded that she would be terminated if she left.

62.     Plaintiff had no choice but to leave to care for her child, and Defendant Gazmen Pocesta followed through on his threat and immediately terminated her employment.

63.     Thereafter, Defendant Gazmen Pocesta refused to pay Plaintiff her last paycheck and still owes Plaintiff hundreds of dollars in unpaid wages.

64.     In retaliation to Plaintiff making a complaint about these unlawful working conditions, Defendant Gazmen Pocesta called Plaintiff and told her he would "crack her face" and sent sexually lewd and offensive texts such as "smd (suck my dick) with your slut mothers [sic] lips."

65.     Defendant Gazmen Pocesta also sent Plaintiff's boyfriend a text stating "I'm cracking your girlfriends [sic] face when I see her."

66.     In addition, upon information and belief, Defendant Gazmen Pocesta also made false allegations against Plaintiff to the New York City Administration for Children and Family Services ("ACS") who then opened an investigation into Plaintiff as a result.

**Sexual Harassment Violations**

67.     In addition, to failing to pay Plaintiff her accurate wages, Defendants Gazmen Pocesta and Manuel Pocesta also created and let exist a sexual hostile working environment.

68.     In fact, Defendant's father, Defendant Manuel Pocesta ("Manny"), worked at the same Bubakoos Burritos locations as Plaintiff, as the manager and Plaintiff's direct supervisor whenever they worked together.

69.     When Plaintiff was working with Defendant Manuel Pocesta, he would repeatedly make inappropriate comments, engage in unwanted touching, and/or engage in sexually suggestive behavior with Plaintiff.

70.     Specifically, on or about December 30, 2021, Defendant Manuel Pocesta lifted up the back of Ms. Rodriguez's shirt "to see her tattoo" despite Plaintiff repeatedly telling him to stop.

71.     On another occasion, Defendant Manuel Pocesta grabbed Ms. Rodriguez's electronic cigarette from her back pocket – without consent or warning – in order to purposely brush her backside as he did so.

72.     This unlawful sexual harassment continued into January 2022, when Ms. Rodriguez accidentally backed into Defendant Manuel Pocesta at work and then said excuse me, to which he creepily replied: "no it's okay mama, do it again, I like that."

73.     In addition to clearly communicating to Defendant Manuel Pocesta that his behavior towards her was inappropriate and unlawful and that he should not continue to engage in same, Plaintiff complained to Defendant Gazmen Pocesta about Defendant Manuel Pocesta's unlawful sexually harassing behavior, however, no action – disciplinary or otherwise – was taken by Defendant Gazmen Pocesta to stop it.

74.     Further, upon information and belief, prior employees of Defendants Gazmen Pocesta and Manuel Pocesta had made similar complaints about Defendant Manuel Pocesta's sexual harassment behavior, but no action – disciplinary or otherwise – was taken by Defendant Gazmen Pocesta to stop this behavior.

75.     As a result of these incidents, Plaintiff suffered from emotional distress, humiliation, and economic harm.

## FIRST CLAIM FOR RELIEF
### (Minimum Wage Violations under the FLSA, 29 U.S.C. § 201, *et seq.*,)

76.     Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

77.     At all relevant times, Defendant Gazmen Pocesta has been and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendant Gazmen Pocesta has employed, "employee[s]," including Plaintiff.

78.     Defendant Gazmen Pocesta has knowingly and willfully engaged in a policy, pattern, or practice of violating the FLSA, as detailed in this Complaint.

79.     Throughout the statute of limitations period covered by these claims, Defendant Gazmen Pocesta failed to pay Plaintiff the federal minimum wage for each hour worked, in violation of 29 U.S.C. §§ 206(a) and 255(a).

80.     Liquidated damages are sought in an amount equal to one hundred percent (100%) of the total amount of wages owed to Plaintiff, pursuant to 29 U.S.C. §216.

81.     Plaintiff seeks damages in the amount of her unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees, and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Overtime Wage Violations under the FLSA, 29 U.S.C. § 207)

82.     Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

83.     At all relevant times, Defendant Gazmen Pocesta has been and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendant Gazmen Pocesta has employed, "employee[s]," including Plaintiff.

84.     Throughout the statute of limitations period covered by these claims, Plaintiff occasionally worked in excess of forty (40) hours per workweek.

85.     At all relevant times hereto, Defendant Gazmen Pocesta had and operated under a decision, policy, and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of knowingly and willfully failing and refusing to pay Plaintiff at one and a half times her regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

86.     Plaintiff seeks damages in the amount of her respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees, and costs, and such other legal and equitable relief as this Court deems just and proper.

### <u>THIRD CLAIM FOR RELIEF</u>
### (Failure to Promptly Pay Wages Under the FLSA)

87.     Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

88.     At all relevant times, Defendant Gazmen Pocesta has been and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendant Gazmen Pocesta has employed, "employee[s]," including Plaintiff.

89.     Pursuant to the FSLA employers are required to pay their employees promptly after they earned their wages.

90.     Defendant Gazmen Pocesta routinely failed to pay Plaintiff on their regularly scheduled paydays and some occasions even failed to pay Plaintiff at all.

91.     Defendant Gazmen Pocesta unlawfully failed to pay Plaintiff timely or at all for the last week of her employment.

92.     As a direct and proximate result of Defendant Gazmen Pocesta's unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages

in an amount to be determined at trial, attorneys' fees, costs, liquidated damages, and prejudgment interest, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
### (Minimum Wage Violations under NYLL § 650 *et seq.*,)

93.     Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

94.     Defendant Gazmen Pocesta knowingly and willfully paid Plaintiff less than the minimum wage in violation of NYLL § 652 and the supporting regulations of the New York State Department of Labor.

95.     Defendant Gazmen Pocesta's failure to pay the Plaintiffs and others similarly situated minimum wage has been willful within the meaning of the NYLL § 663.

96.     Liquidated damages are sought in an amount equal to one hundred percent (100%) of the total amount of wages owed to Plaintiff and others similarly situated, pursuant to NYLL § 663.

97.     As a direct and proximate result of Defendant Gazmen Pocesta's willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages, and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FIFTH CLAIM FOR RELIEF
### (Overtime Wage Violations under NYLL § 650 *et seq.*,N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 137-1.3 (2010), 146-1.4 (2011))

98.     Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

99.     New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any work week.

100.    Throughout the statute of limitations period covered by these claims, Defendant Gazmen Pocesta knowingly, willfully, regularly, and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times her regular rate of pay, for hours worked in excess of forty (40) per workweek.

101.    Liquidated damages are sought in an amount equal to one hundred percent (100%) of the total amount of wages owed to Plaintiff, pursuant to NYLL § 663.

102.    As a direct and proximate result of Defendant Gazmen Pocesta's willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages, and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
### (NYLL Failure to Notify under NYLL §§ 195, 198)

103.    Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

104.    Pursuant to §195(1) of the NYLL, within ten (10) business days of Plaintiff's hiring, Defendant Gazmen Pocesta was obligated to provide her with a notice describing, *inter alia*, her hourly regular and overtime rates of pay.

105.    Pursuant to §195(3) of the NYLL, Defendant Gazmen Pocesta is obligated to provide Plaintiff with accurate paystubs, along with their pay, that specified her rate of pay, her hours worked, and the pay period.

106.    Defendant Gazmen Pocesta failed to provide Plaintiff with a notice or paystub in accordance with §195 of the NYLL.

107.    As a direct and proximate result of Defendant Gazmen Pocesta's willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks damages in accordance with §195 of the NYLL for each week Defendant Gazmen Pocesta failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### SEVENTH CLAIM FOR RELIEF
#### (NYLL Spread-of-Hours)

108.    Plaintiff repeats and re-allege all paragraphs above as though fully set forth herein.

109.    Pursuant to 12 NYCRR 146-1.6 and 137-1.7, Defendant Gazmen Pocesta had an obligation to compensate Plaintiff for one hour's pay at the minimum wage for each day they worked more than ten (10) hours.

110.     Although Plaintiff occasionally worked more than ten (10) hours in one day, Defendant Gazmen Pocesta failed to compensate Plaintiff *for one hour's pay at the minimum wage*.

111.    As a direct and proximate result of Defendant Gazmen Pocesta's willful and unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for unlawful deductions in an amount to be determined at trial, attorneys' fees, costs, liquidated damages, and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**EIGHTH CLAIM FOR RELIEF**
**(Failure to Pay Timely Wages in Violation of the NYLL)**

112.   Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

113.   New York State labor law § 191 requires that an employee be paid no "later than seven calendar days after the end of the week in which the wages are earned."

114.   Defendant Gazmen Pocesta routinely failed to pay Plaintiff within seven calendar days after the end of the week in which their wages were earned and sometimes failed to pay Plaintiff at all.

115.    New York State labor law §191 also requires that an employee be paid within five (5) days of termination.

116.   Defendant Gazmen Pocesta unlawfully failed to pay Plaintiff timely or at all for the last week of her employment.

117.   Defendant Gazmen Pocesta willfully and intentionally refused to make these payments in violation of the NYLL and supporting Department of Labor Regulations.

118.   As a direct and proximate result of Defendant Gazmen Pocesta's willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages, and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**NINTH CLAIM FOR RELIEF**
**(*Gender-Based Sexual Harassment Discrimination in Violation of the NYCHRL*)**

119.   Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

120. The NYCHRL prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's gender.

121. Plaintiff is an "employee" within the meaning of the NYCHRL, and Defendant Gazmen Pocesta is an "employer" under the NYCHRL.

122. Defendant Manuel Pocesta, an employee as described above, sexually harassed Plaintiff touching her inappropriately and making lewd sexual comments to her.

123. Upon information and belief, Defendant Gazmen Pocesta was aware of Defendant Manuel Pocesta's conduct with Plaintiff and other employees but did not take any steps to discipline or stop this behavior.

124. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of future income, compensation, and benefits for which he is entitled to an award of monetary damages and other relief.

125. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

## TENTH CLAIM FOR RELIEF
### (*Caregiver Discrimination in Violation of the NYCHRL*)

126. Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

127. Plaintiff is an "employee" within the meaning of the NYCHRL, and Defendant Gazmen Pocesta is an "employer" under the NYCHRL.

128.    The NYCHRL prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's caregiver status.

129.    Defendant Gazmen Pocesta threatened to and ultimately fired Plaintiff because she had to go home to care for her sick child.

130.    As a direct and proximate result of Defendant Gazmen Pocesta's discriminatory conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of future income, compensation, and benefits for which she is entitled to an award of monetary damages and other relief.

131.    As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which they are entitled to an award of monetary damages and other relief.

## ELEVENTH CLAIM FOR RELIEF
### (*Hostile Work Environment in Violation of the NYCHRL*)

132.    Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

133.    Plaintiff is an "employee" within the meaning of the NYCHRL, and Defendant Gazmen Pocesta is an "employer" under the NYCHRL.

134.    The NYCHRL prohibits discrimination in the terms, conditions, and privileges of employment on the basis of an individual's gender and status as a caregiver.

135.    Defendants Gazmen Pocesta and Manuel Pocesta, as described above, discriminated against Plaintiff by subjecting her to a hostile work environment, in the form of highly inappropriate and sexually demeaning conduct, grossly improper sexual remarks,

disparate treatment, and abusive conduct, which resulted in Plaintiff being treated less favorably based upon her gender and status as a caregiver, and by conditioning the terms and conditions of Plaintiffs' employment on acquiescence to working in such a hostile work environment.

136.    Defendant Gazmen Pocesta condoned and acquiesced to the aforementioned lewd behavior by failing to investigate and/or discipline any of the unlawful acts by Defendant Manuel Pocesta once it became known to him, creating an untenable environment for Plaintiff.

137.    As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of future income, compensation, and benefits for which she is entitled to an award of monetary damages and other relief.

138.    As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

## TWELFTH CLAIM FOR RELIEF
### *(Retaliation in Violation of the NYLL and NYCHRL)*

139.    Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

140.    The NYCHRL prohibits retaliation by any person against any individual who in good faith complains about discriminatory practices to which he or she has been subjected.

141.    Similarly, the NYLL prohibits any acts of retaliation for voicing objections to wage violations.

142.    As described above, Defendant Gazmen Pocesta retaliated against Plaintiff in violation of the NYCHRL and NYLL when Plaintiff, in good faith, voiced her opposition to Defendant Gazmen Pocesta and Defendant Manuel Pocesta's unlawful acts.

143.    Specifically, Defendant Gazmen Pocesta threatened Plaintiff with physical violence and sent her lewd text message upon her voicing complaints about his business.

144.    Similarly, Defendant Gazmen Pocesta made a false complaint against Plaintiff to the New York City ACS in response to her making complaints about her working conditions.

145.    Further, Defendant Gazmen Pocesta refused to pay Plaintiff her last paycheck or provide her with necessary tax documents.

146.    Defendant Gazmen Pocesta's discriminatory and retaliatory conduct began immediately thereafter in the form of disparate treatment and/or withholding of wages, and using pre-textual reasoning to ultimately terminate Plaintiff's employment.

147.    The temporal proximity between the Plaintiff's exercise of her rights under the NYCHRL and NYLL and Defendant Gazmen Pocesta's adverse employment action towards Plaintiff gives rise to an inference of retaliation.

148.    Plaintiff suffered damages as a result of Defendant Gazmen Pocesta's discriminatory and retaliatory actions, including compensatory damages, punitive damages, and costs and attorneys' fees.

**THIRTEENTH CLAIM FOR RELIEF**
*(Assault under N.Y. State Common Law)*

149.    Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

150.    Defendant Manuel Pocesta's aforementioned actions placed Plaintiff in apprehension of imminent harmful and offensive bodily contact.

151.    As a result of Defendant Manuel Pocesta's conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### FOURTEENTH CLAIM FOR RELIEF
*(Battery under N.Y. State Common Law)*

152.    Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

153.    Defendant Manuel Pocesta touched Plaintiff in a harmful and offensive manner.

154.    Defendants Manuel Pocesta did so without privilege or consent from Plaintiff.

155.    As a result of Defendant Manuel Pocesta's conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### FIFTEENTH CLAIM FOR RELIEF
*(Intentional Infliction of Emotional Distress under N.Y. State Common Law)*

156.    Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

157.    The aforementioned conduct by Defendants Gazmen Pocesta and Manuel Pocesta was extreme and outrageous and exceeded all reasonable bounds of decency.

158.    The aforementioned conduct by Defendants Gazmen Pocesta and Manuel Pocesta was intentional and done for the sole purpose of causing severe emotional distress to Plaintiff.

159.    As a result of the aforementioned conduct by Defendants Gazmen Pocesta and Manuel Pocesta, Plaintiff suffered severe emotional distress, and physical and mental injuries, together with embarrassment, humiliation, shock, and fright.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A.    Compensatory damages, including back pay, front pay, punitive damages, and liquidated damages, to be paid by Defendants in an amount to be determined at trial;

B.    Damages for emotional distress to be paid by Defendants in an amount to be determined at trial;

C.    Liquidated damages pursuant to the FLSA and NYLL;

D.    Penalties available under applicable laws;

E.    Costs of action incurred herein, including expert fees;

F.    Pre-judgment and post-judgment interest, as provided by law;

G.    Attorneys' fees, including· fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

H.    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: New York, New York
            June 16, 2022

                                            Respectfully submitted,


                                            _____/s/_____
                                            COHEN & FITCH LLP
                                            GERALD COHEN
                                            JOSHUA FITCH
                                            ILYSSA FUCHS
                                            Attorneys for Plaintiffs
                                            110 East 59th Street, Suite 3200
                                            New York, N.Y. 10022
                                            (212) 374-9115
                                            gcohen@cohenfitch.com
                                            jfitch@cohenfitch.com
                                            ifuchs@cohenfitch.com